IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF KANSAS


**DERRICK DERON DIXON,**

                      **Plaintiff,**

            **v.**                              **CASE NO. 13-3017-SAC**

**WAYNE K. WESTBLADE, et al.,**

                      **Defendants.**


                          **O R D E R**

     This matter comes before the court on form complaint seeking relief under 42 U.S.C. § 1983, filed pro se by a prisoner incarcerated in a Kansas Correctional Facility. Also before the court are plaintiff's motion, as amended, for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

     **In Forma Pauperis, 28 U.S.C. § 1915**

     Plaintiff must pay the full $350.00 filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

     Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date

of filing of a civil action. Having examined the limited records provided by plaintiff for that relevant six month period, the court finds the average monthly deposit to plaintiff's account is $197.85, and the average monthly balance is $974.15. The court therefore assesses an initial partial filing fee of $194.50, twenty percent of the average monthly deposit, rounded to the lower half dollar.

**Screening the Complaint, 28 U.S.C. § 1915A**

A federal court must conduct an initial screening of any action in which a prisoner seeks relief from a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. § 1915A(a). In conducting the screening, the court must identify any viable claim and must dismiss any part of the action which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

A pro se party's complaint must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

To avoid summary dismissal of the complaint under § 1915A(b), the complaint must present sufficient allegations of fact, assumed to be true, that "raise a right to relief above the speculative level."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must present "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. At this stage, the court accepts all well-leaded allegations as true and views them in the light most favorable to the plaintiff. *Id.* at 555.

Having considered the complaint, the court finds it is subject to being summarily dismissed for the following reasons.

Plaintiff seeks damages on allegations of constitutional error by defense counsel and the state prosecutor during plaintiff's state criminal proceeding. However, it is well recognized that a criminal defense attorney is not a "person acting under color of state law" for the purpose of stating a claim for relief under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981)("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir.1983)(attorneys engaged in the private practice of law are not acting under color of state law).

It is also well established that a state prosecutor is entitled to absolute immunity from damages for activities intimately associated with the judicial phase of a criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir.1994).

Plaintiff is further advised that relief under § 1983 on allegations that would render his state conviction invalid are barred absent a showing the conviction has been reverse, expunged, or otherwise invalidated. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). And to the extent the

complaint argues for the reversal of plaintiff's state court conviction, such relief in federal court must be pursued in habeas corpus under 28 U.S.C. § 2254 after first exhausting state court remedies on all claims presented for federal review.[1] *See Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Rose v. Lundy*, 455 U.S. 509 (1982).

**Notice and Show Cause Order to Plaintiff**

Accordingly, the court directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief, and as seeking monetary relief from a person immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii-iii). The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further prior notice.

IT IS THEREFORE ORDERED that plaintiff's motion and amended motion for leave to proceed in forma pauperis (Docs. 2 and 5) are provisionally granted subject to plaintiff's payment of an initial partial filing fee of $194.50 within thirty (30) days, and that payment of the remainder of the $350.00 district court filing fee is to proceed thereafter as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why the complaint should not be summarily dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii-iii).

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 4) is denied without prejudice.

A copy of this order shall be mailed to plaintiff and to the Centralized Inmate Banking office for the Kansas Department of

---

[1] Plaintiff states in his complaint that he is currently pursuing an appeal in the Kansas appellate courts from his state court conviction.

Corrections.

**IT IS SO ORDERED.**

DATED:  This 6th day of March 2013 at Topeka, Kansas.

                                    s/ Sam A. Crow                
                              SAM A. CROW
                              U.S. Senior District Judge